UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE TAYLOR III, | ) Case No. CV 25-2433-KK (JPR) |
| Plaintiff, | ) |
| v. | ) ORDER DISMISSING FIRST AMENDED |
| | ) COMPLAINT WITH LEAVE TO AMEND |
| LESLIE A. BARNETT, | ) |
| Defendant. | ) |

On March 17, 2025, Plaintiff, a state prisoner, filed pro se a Complaint labeled "First Amended Civil Rights Complaint," alleging violations of his constitutional rights under 42 U.S.C. § 1983. On March 24, he filed a First Amended Complaint.[1] Three

---

[1] The Complaint and FAC are identical except that the FAC has attached to it a 14-page document. (FAC, ECF No. 4 at 17-30 (throughout, the Court uses the pagination generated by its Case Management/Electronic Case Filing system).) The attachment is labeled "Civil Rights Complaint." (Id. at 17.) Although the first two pages of the attachment differ from the FAC, it is identical to the FAC from the third page on. (Compare id. at 5-16, with id. at 19-30.)

When Plaintiff filed the FAC, he also filed a request for a

days later, the district judge granted his request to proceed without prepayment of the filing fee.

Plaintiff sues Leslie A. Barnett, a "court-appointed guardian ad litem" (FAC, ECF No. 4 at 3), apparently for Plaintiff's mother (id. at 10), in her individual and official capacities. His claims arise from Defendant's allegedly defamatory remarks at a state-court probate hearing (see id. at 4-6, 9, 11, 12), which he claims caused him to be denied letters of support from the community for his upcoming parole hearing (see id. at 5-6).

After screening the FAC under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court finds that its allegations fail to state a claim on which relief might be granted. Because at least some of the deficiencies might be cured by amendment, the FAC is dismissed with leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (holding that pro se litigant must be given leave to amend complaint unless it is absolutely clear that deficiencies cannot be cured). If Plaintiff desires to pursue any of his claims, he is ORDERED to file a second amended complaint within 28 days of the date of this order, remedying the deficiencies discussed below.

## ALLEGATIONS OF THE FAC

On February 13, 2025, a hearing took place in Los Angeles County Superior Court regarding Plaintiff's petition for appointment as his mother's conservator. (See FAC, ECF No. 4 at

---

temporary restraining order and preliminary injunction. That request remains pending and will be ruled on separately, by the assigned District Judge.

5, 6, 10, 16.)  Defendant, an attorney, was Plaintiff's mother's court-appointed guardian ad litem.  (See id. at 3, 10, 16.)  At the hearing, Defendant stated that Plaintiff was "petitioning [the] court for . . . appointment as probate conservator, for the sole purpose of manipulating the Board of Parole Hearings into granting [Plaintiff] 'Compassionate Parole' from his present incarceration."  (Id. at 6.)  That statement allegedly caused Plaintiff reputational injury, leading to his being "without letters of support from members of the community" for his May 28, 2025 parole-suitability hearing.  (Id. at 5-6.)  Plaintiff also alleges that "commencing in November 2024," Defendant "conspired" with "Superior Court of California Judge Gus T. May" but provides no supporting allegations.  (Id. at 12.)

Plaintiff claims violations of the 14th Amendment's due-process and equal-protection clauses and state law.  (Id. at 4-13.)  He seeks injunctive and declaratory relief; money damages; costs, "including but not limited to, future attorney's fees and costs for retained counsel, if any"; and any other relief the Court "deems to be appropriate, proper, just and equitable."  (Id. at 14-16.)

**STANDARD OF REVIEW**

A complaint may be dismissed as a matter of law for failure to state a claim when "there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (as amended) (citing Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001)); accord O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008).  In considering whether a

complaint states a claim, a court must generally accept as true the factual allegations in it. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citing Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), amended by 275 F.3d 1187 (9th Cir. 2001)); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012) (finding that district court properly dismissed civil-rights claim when plaintiff's "conclusory allegations" did not support it).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 677-78 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Yagman v. Garcetti, 852 F.3d 859, 863 (9th Cir. 2017). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**DISCUSSION**

**I. The FAC Fails to Allege that the Private-Party Defendant Acted as a State Agent or Engaged in Any State Action**

A. <u>Applicable Law</u>

To state a claim under § 1983, a plaintiff must allege that a defendant acted under color of state law to deprive the plaintiff of a constitutionally protected right. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 49 (1988); <u>Ove v. Gwinn</u>, 264 F.3d 817, 824 (9th Cir. 2001). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." <u>United States v. Classic</u>, 313 U.S. 299, 326 (1941).

Generally, action by private parties does not constitute action under color of state law. <u>See</u> <u>Price v. Hawaii</u>, 939 F.2d 702, 707-08 (9th Cir. 1991) (as amended); <u>Sutton v. Providence St. Joseph Med. Ctr.</u>, 192 F.3d 826, 835 (9th Cir. 1999). But private parties may act under color of state law if they engage in joint action with state actors or agents. <u>See</u> <u>Sutton</u>, 192 F.3d at 835. The joint-action inquiry focuses on "whether the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity," <u>Kirtley v. Rainey</u>, 326 F.3d 1088, 1093 (9th Cir. 2003) (citation omitted), and thus requires "a substantial degree of cooperative action," <u>Collins v. Womancare</u>, 878 F.2d 1145, 1154 (9th Cir. 1989). Joint action may be demonstrated by "proving the existence of a conspiracy or by showing that the private party

was 'a willful participant in joint action with the State or its agents.'" Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 2002) (quoting Collins, 878 F.2d at 1154).

B.   Analysis

Generally, court-appointed attorneys, such as public defenders and incompetent persons' guardians ad litem, are not state actors. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law when performing traditional functions as counsel in criminal proceedings); Kirtley, 326 F.3d at 1091-92, 1096 (private attorney did not act under color of law when appointed by Washington state court to represent minor as guardian ad litem). In Kirtley, the Ninth Circuit looked to the state's statutory definition of a guardian ad litem, ultimately holding that that role, like that of a public defender, was independent of the state and therefore the defendant was not a state actor. See 326 F.3d at 1092-96. The court highlighted that the main function of the guardian ad litem was to advocate for the minor and represent the minor's interests. See id. at 1092-94. Although the guardian also acted as an investigator to provide information to the court, that function was more akin to the role of a witness than to an actual extension of the court. See id.

Here, Defendant apparently acted as a court-appointed guardian ad litem for Plaintiff's mother in state-court probate proceedings. (See FAC, ECF No. 4 at 3, 6, 10, 16.) California law describes such a guardian as "represent[ing] the interest of" an individual who lacks the capacity to make legal decisions. Cal. Prob. Code § 1003(a). That role is analogous to the

guardian ad litem in Kirtley.  See 326 F.3d at 1092-94.  Plaintiff has not alleged that Defendant somehow acted outside that role or was otherwise a state actor.  See Hudacko v. Lee, No. 23-cv-05316-SI, 2024 WL 4894292, at *7 (N.D. Cal. Nov. 25, 2024) (finding that "private attorney appointed by a court to act as counsel for a minor in child custody proceedings" was not state actor for § 1983 purposes); Chambers v. Santa Clara Cnty., No. C 05-3308 SI., 2006 WL 2433413, at *3 (N.D. Cal. Aug. 21, 2006) (concluding that court-appointed counsel representing minor was not state actor because statutory definition indicated counsel's primary responsibility was to "advocate for the protection, safety, and physical and emotional well-being of the child," which was similar to statutory definition of guardian in Kirtley, and thus guardian was sufficiently independent from state (citation omitted)).

Plaintiff further contends, without any supporting factual allegations, that Defendant conspired with a "judge who is immune from civil liability[] to violate [P]laintiff's protection guaranteed by the Equal Protection Clause in the Fourteenth Amendment to U.S. Constitution."  (FAC, ECF No. 4 at 12.)  Such conclusory allegations are not sufficient to establish a conspiracy.  See Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) (plaintiff's conclusory allegations that lawyer was conspiring with state officers to deprive him of due process were insufficient to show state action); Ryan v. Cnty. of Imperial, No. 21cv1076-JO-KSC., 2022 WL 4819656, at *6 (S.D. Cal. Sept. 29, 2022) (dismissing § 1983 claims because plaintiffs "fail[ed] to provide factual, non-conclusory

allegations against Private Defendants that support a conspiracy or joint action with a state actor").

For these reasons, Plaintiff has not alleged deprivation of a federal right by a person acting under color of state law.

**II.   Defendant Is Likely Entitled to Absolute Immunity**

Even if Defendant were a state actor or engaged in state action, she would likely be entitled to absolute immunity.

Section 1983 claims for monetary damages against individuals for actions taken while performing certain prosecutorial or other quasi-judicial functions are barred by absolute immunity. See Imbler v. Pachtman, 424 U.S. 409, 418-24 (1976) (extending absolute immunity from § 1983 liability to prosecutors when they act in capacity as advocate); Webster v. Bronson, 402 F. App'x 280, 282 (9th Cir. 2010) ("To the extent [family-court investigator] performed in a quasi-judicial or quasi-prosecutorial function, she had absolute immunity." (citing Miller v. Gammie, 335 F.3d 889, 898 (9th Cir. 2003) (en banc))); see also Miller, 335 F.3d at 897 (to be entitled to absolute immunity for particular action, "official must be performing a duty functionally comparable to one for which officials were rendered immune at common law").

Although the Ninth Circuit has held that guardians ad litem who serve as advocates for minors in child-neglect and delinquency proceedings are absolutely immune from liability "because their participation in the court proceedings is an integral part of the judicial process," Babcock v. Tyler, 884 F.2d 497, 502 (9th Cir. 1989), overruled on other grounds as recognized by Safouane v. Fleck, 226 F. App'x 753, 762 (9th Cir.

8

2007) (as amended), it clarified in <u>Miller</u> that when individuals "make discretionary decisions and recommendations that are not functionally similar to prosecutorial or judicial decisions, only qualified, not absolute immunity, is available," 335 F.3d at 898.

Plaintiff alleges that Defendant made the statement at issue as his mother's guardian ad litem during a state-court probate proceeding. (<u>See</u> FAC, ECF No. 4 at 3, 5, 6, 10, 16.) As explained above, California law defines a guardian ad litem as "represent[ing] the interest of" an individual who lacks the capacity to make legal decisions. Cal. Prob. Code § 1003(a). Thus, it appears that Defendant's complained-of statement was made when she was acting as an advocate in a judicial proceeding. <u>See</u> <u>Babcock</u>, 884 F.2d at 502. And Plaintiff has not alleged that Defendant made the statement while engaging in functions outside of prosecutorial or other quasi-judicial ones. <u>See</u> <u>Miller</u>, 335 F.3d at 898.

For these reasons, Defendant is likely entitled to absolute immunity. <u>See</u> <u>Sigal v. Cnty. of L.A.</u>, No. 2:17-CV-04851-RGK-AGR, 2017 WL 10560636, at *4 (C.D. Cal. Nov. 15, 2017) (minor's court-appointed attorney who was "considered a guardian ad litem under California law" was entitled to absolute quasi-judicial immunity because her duties fell "within the judicial process"); <u>Balthrope v. Sacramento Cnty. Health & Hum. Servs.</u>, No. 2:10-cv-3003-JAM-JFM (PS)., 2011 WL 6130903, at *4 (E.D. Cal. Dec. 8, 2011) (minor's guardians ad litem were entitled to absolute quasi-judicial immunity because they acted "within the judicial process" by advocating for minor's best interest and providing information to court), <u>accepted by</u> 2012 WL 260044 (E.D. Cal. Jan.

26, 2012).

**III. The FAC Suffers from Numerous Other Deficiencies**

The FAC suffers from numerous other problems. Among them, it fails to state any due-process claim because Plaintiff's parole hearing has not yet taken place and thus any harm is at this point purely speculative. See Slaughter v. Cate, No. 12-cv-03872-VC, 2014 WL 5474025, at *5 (N.D. Cal. Oct. 28, 2014) (plaintiff's "concern about future parole hearings" being affected by "allegedly false information" was "speculative" and could not "support a liberty interest"); Stevenson v. Bisbee, 696 F. App'x 250, 251 (9th Cir. 2017) (dismissal of plaintiff's § 1983 claim "relating to potential considerations at a future parole board hearing was proper because [plaintiff] failed to allege facts sufficient to establish an injury as required for Article III standing" (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992))).

The FAC does not state any equal-protection claim. Although Plaintiff contends that Defendant conspired to "violate [his] protection guaranteed by the Equal Protection Clause in the Fourteenth Amendment to U.S. Constitution" (see FAC, ECF No. 4 at 12), he has alleged no facts supporting his claim (see id. at 1-16). See Ware v. Bitter, No. 1:16-cv-01302-DAD-SAB (PC), 2017 WL 1093887, at *4 (E.D. Cal. Mar. 22, 2017) (plaintiff failed to state cognizable equal-protection clause claim because although he claimed equal protection violation occurred, he failed "to set forth any facts to support an equal protection claim"); see also Iqbal, 556 U.S. at 677-78. As an initial matter, he has not alleged that he is a member of any protected class. See Barren

v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (to state equal-protection claim, plaintiff must allege that defendant acted with intent or purpose to discriminate against plaintiff based on plaintiff's membership in protected class).

**IV. The FAC's State-Law Claims**

A federal court may decline to exercise supplemental jurisdiction over pendent state-law claims if it has dismissed all claims over which it has original jurisdiction. See 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); Voigt v. Savell, 70 F.3d 1552, 1565 (9th Cir. 1995). Because the Court dismisses Plaintiff's federal claims, it declines to address his state-law claims until he has adequately pleaded a federal cause of action.

********************

The Court is skeptical that Plaintiff can state a § 1983 claim against Defendant. But it will give him one more chance to try to do so. If he desires to pursue any of his claims, he is ORDERED to file a second amended complaint within 28 days of the date of this order, remedying the deficiencies discussed above. The SAC should bear the docket number assigned to this case, be labeled "Second Amended Complaint," and be complete in and of itself, without reference to the Complaint, the FAC, or any documents not attached to the SAC. **Plaintiff is warned that if he fails to timely file a sufficient SAC, the Court may dismiss**

this action on the grounds set forth above or for failure to diligently prosecute, or for both reasons.[2]

DATED: April 24, 2025

/s/ Jean Rosenbluth
JEAN P. ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

[2] If Plaintiff believes this order erroneously disposes of any of his claims, he may file objections with the district judge within 21 days of the date of the order. See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015) ("When a magistrate judge believes she is issuing a nondispositive order, she may warn the litigants that, if they disagree and think the matter dispositive, they have the right to file an objection to that determination with the district judge.").